24-697-cv (L)
Consumer Fin. Prot. Bureau v. Stratfs, LLC (f/k/a Strategic Fin. Sols., LLC)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of June, two thousand twenty-five.

PRESENT: DENNIS JACOBS,
DENNY CHIN,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

------------------------------------------------------------------

CONSUMER FINANCIAL PROTECTION BUREAU, THE PEOPLE OF THE STATE OF NEW YORK, BY LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK, STATE OF COLORADO, EX REL. PHILIP J. WEISER, ATTORNEY GENERAL, STATE OF DELAWARE, EX REL. KATHLEEN JENNINGS, ATTORNEY GENERAL, STATE OF DELAWARE, THE PEOPLE OF THE STATE OF ILLINOIS, THROUGH ATTORNEY GENERAL KWAME RAOUL, THE STATE OF MINNESOTA, BY ITS ATTORNEY

Nos. 24-697-cv (L);
24-583-cv (CON);
24-719-cv (CON);
24-727-cv (CON);
24-554-cv (CON)

GENERAL KEITH ELLISON, THE STATE OF NORTH CAROLINA, EX REL. JOSHUA H. STEIN, ATTORNEY GENERAL, THE STATE OF WISCONSIN,

        *Plaintiffs-Appellees*,

   v.

RYAN SASSON, CLEAR CREEK LEGAL, LLC, CREDIT ADVOCATES LAW FIRM, LLC, GREENSTONE LEGAL GROUP, BRADON ELLIS LAW FIRM LLC, HAILSTONE LEGAL GROUP, HALLOCK AND ASSOCIATES, HARBOR LEGAL GROUP, ANCHOR LAW FIRM, PLLC, BEDROCK LEGAL GROUP, BOULDER LEGAL GROUP, CANYON LEGAL GROUP, LLC, GREAT LAKES LAW FIRM, HEARTLAND LEGAL GROUP, LEVEL ONE LAW, MEADOWBROOK LEGAL GROUP, MONARCH LEGAL GROUP, NEWPORT LEGAL GROUP, LLC, NORTHSTAR LEGAL GROUP, OPTION 1 LEGAL, PIONEER LAW FIRM P.C., ROCKWELL LEGAL GROUP, SPRING LEGAL GROUP, ROYAL LEGAL GROUP, SLATE LEGAL GROUP, STONEPOINT LEGAL GROUP, THE LAW FIRM OF DEREK WILLIAMS, LLC, WHITSTONE LEGAL GROUP, WYOLAW, LLC, CHINN LEGAL

2

GROUP, LLC, LEIGH LEGAL
GROUP, PLLC, HALLOCK &
ASSOCIATES LLC, GUSTAFSON
CONSUMER LAW GROUP, LLC,
MICHEL LAW, LLC, THE LAW
OFFICE OF MELISSA MICHEL LLC,
MOORE LEGAL GROUP, LLC,
JASON BLUST, THE BLUST
FAMILY IRREVOCABLE TRUST
THROUGH DONALD J.
HOLMGREN, TRUSTEE, STRATFS,
LLC, FKA STRATEGIC FINANCIAL
SOLUTIONS, LLC, FORMERLY
KNOWN AS STRATEGIC
FINANCIAL SOLUTIONS, LLC,
STRATEGIC CLIENT SUPPORT,
LLC, FKA PIONEER CLIENT
SERVICES, LLC, FORMERLY
KNOWN AS PIONEER CLIENT
SERVICES, LLC, STRATEGIC CS,
LLC, STRATEGIC FS BUFFALO,
LLC, STRATEGIC NYC, LLC, BCF
CAPITAL, LLC, T FIN, LLC,
STRATEGIC CONSULTING, LLC,
VERSARA LENDING, LLC,
STRATEGIC FAMILY, INC.,
ANCHOR CLIENT SERVICES, LLC.,
NOW KNOWN AS CS 1 PAAS
SERVICES, LLC, BEDROCK CLIENT
SERVICES, LLC, BOULDER CLIENT
SERVICES, LLC, CANYON CLIENT
SERVICES, LLC, CAROLINA
CLIENT SERVICES, LLC, GREAT
LAKES CLIENT SERVICES, LLC,
GUIDESTONE CLIENT SERVICES,
LLC, HARBOR CLIENT SERVICES,

3

LLC, HEARTLAND CLIENT SERVICES, LLC, MONARCH CLIENT SERVICES, LLC, NOW KNOWN AS CS 2 PAAS SERVICES, LLC, NEWPORT CLIENT SERVICES, LLC, NORTHSTAR CLIENT SERVICES, LLC, OPTION 1 CLIENT SERVICES, LLC, PIONEER CLIENT SERVICING, LLC, ROCKWELL CLIENT SERVICES, LLC, ROYAL CLIENT SERVICES, LLC, STONEPOINT CLIENT SERVICES, LLC, SUMMIT CLIENT SERVICES, LLC, NOW KNOWN AS CS 3 PAAS SERVICES, LLC, WHITESTONE CLIENT SERVICES, LLC,

        *Defendants-Appellants*,

JOHN DOES 1–50, DANIEL BLUMKIN, ALBERT IAN BEHAR, STRATEGIC ESOP, STRATEGIC ESOT, TWIST FINANCIAL, LLC, DUKE ENTERPRISES, LLC, BLAISE INVESTMENTS, LLC, JACLYN BLUST, LIT DEF STRATEGIES, LLC, RELIALIT, LLC,

        *Defendants.*

------------------------------------------------------------------

| | |
|---|---|
| FOR APPELLEE CONSUMER FINANCIAL PROTECTION BUREAU: | Steven Y. Bressler, Deputy General Counsel, Kristin Bateman, Assistant General Counsel, Ryan Cooper, Senior Counsel, *for* Seth Frotman, |

4

|  |  |
|---|---|
|  | General Counsel, Consumer Financial Protection Bureau, Washington, DC |
| FOR APPELLEE STATE OF NEW YORK: | SARAH L. ROSENBLUTH, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Jeffrey W. Lang, Deputy Solicitor General, *on the brief*), *for* Letitia James, Attorney General for the State of New York, Buffalo, NY |
| FOR APPELLEE STATE OF COLORADO: | Kevin J. Burns, Senior Assistant Attorney General, *for* Phillip J. Weiser, Attorney General for the State of Colorado, Denver, CO |
| FOR APPELLEE STATE OF DELAWARE: | Marion M. Quirk, Director of Consumer Protection, *for* Kathleen Jennings, Attorney General for the State of Delaware, Wilmington, DE |
| FOR APPELLEE STATE OF ILLINOIS: | Anna Gottlieb, Assistant Attorney General, *for* Kwame Raoul, Attorney General for the State of Illinois, Chicago, IL |
| FOR APPELLEE STATE OF MINNESOTA: | Evan Romanoff, Assistant Attorney General, *for* Keith Ellison, Attorney General for the State of Minnesota, St. Paul, MN |
| FOR APPELLEE STATE OF NORTH CAROLINA: | M. Lynne Weaver, Special Deputy Attorney General, *for* Joshua H. Stein, Attorney General for the State of North Carolina, Raleigh, NC |

| | |
|---|---|
| FOR APPELLEE STATE OF WISCONSIN: | Lewis W. Beilin, Assistant Attorney General, *for* Joshua L. Kaul, Attorney General for the State of Wisconsin, Madison, WI |
| FOR APPELLANT RYAN SASSON: | Ronald S. Safer, Riley Safer Holmes & Cancila LLP, Chicago, IL |
| FOR APPELLANTS CLEAR CREEK LEGAL, LLC, CREDIT ADVOCATES LAW FIRM, LLC, GREENSTONE LEGAL GROUP, BRADON ELLIS LAW FIRM LLC, HAILSTONE LEGAL GROUP, HALLOCK AND ASSOCIATES, HARBOR LEGAL GROUP, ANCHOR LAW FIRM, PLLC, BEDROCK LEGAL GROUP, BOULDER LEGAL GROUP, CANYON LEGAL GROUP, LLC, GREAT LAKES LAW FIRM, HEARTLAND LEGAL GROUP, LEVEL ONE LAW, MEADOWBROOK LEGAL GROUP, MONARCH LEGAL GROUP, NEWPORT LEGAL GROUP, LLC, NORTHSTAR LEGAL GROUP, OPTION 1 LEGAL, PIONEER LAW FIRM P.C., ROCKWELL LEGAL GROUP, SPRING LEGAL GROUP, ROYAL LEGAL GROUP, SLATE LEGAL GROUP, STONEPOINT LEGAL GROUP, THE LAW FIRM OF DEREK WILLIAMS, LLC, WHITSTONE LEGAL GROUP, WYOLAW, LLC, CHINN LEGAL GROUP, LLC, LEIGH LEGAL GROUP, PLLC, HALLOCK & ASSOCIATES LLC, GUSTAFSON CONSUMER LAW GROUP, LLC, MICHEL LAW, LLC, | TIMOTHY D. ELLIOTT, Rathje Woodward LLC, Wheaton, IL (Emily A. Shupe, Rathje Woodward LLC, Wheaton, IL, Terrence M. Connors, Andrew M. Debbins, Connors LLP, Buffalo, NY, *on the brief*) |

| | |
|---|---|
| THE LAW OFFICE OF MELISSA MICHEL LLC, MOORE LEGAL GROUP, LLC: | |
| FOR APPELLANT JASON BLUST: | Rodney O. Personius, Personius Melber LLP, Buffalo, NY |
| FOR APPELLANTS STRATFS, LLC, FORMERLY KNOWN AS STRATEGIC FINANCIAL SOLUTIONS, LLC FKA STRATEGIC FINANCIAL SOLUTIONS, LLC, STRATEGIC CLIENT SUPPORT, LLC, FORMERLY KNOWN AS PIONEER CLIENT SERVICES, LLC, STRATEGIC CS, LLC, STRATEGIC FS BUFFALO, LLC, STRATEGIC NYC, LLC, BCF CAPITAL, LLC, T FIN, LLC, STRATEGIC CONSULTING, LLC, VERSARA LENDING, LLC, STRATEGIC FAMILY, INC., ANCHOR CLIENT SERVICES, LLC., NOW KNOWN AS CS 1 PAAS SERVICES, LLC, BEDROCK CLIENT SERVICES, LLC, BOULDER CLIENT SERVICES, LLC, CANYON CLIENT SERVICES, LLC, CAROLINA CLIENT SERVICES, LLC, GREAT LAKES CLIENT SERVICES, LLC, GUIDESTONE CLIENT SERVICES, LLC, HARBOR CLIENT SERVICES, LLC, HEARTLAND CLIENT SERVICES, LLC, MONARCH CLIENT SERVICES, LLC, NOW KNOWN AS CS 2 PAAS SERVICES, LLC, NEWPORT CLIENT SERVICES, LLC, NORTHSTAR CLIENT SERVICES, LLC, OPTION 1 CLIENT SERVICES, LLC, PIONEER CLIENT SERVICING, LLC, ROCKWELL CLIENT SERVICES, | Svetlana K. Ivy, Dennis C. Vacco, Scott S. Allen, Lippes Mathias LLP, Buffalo, NY |

7

| | |
|---|---|
| LLC, ROYAL CLIENT SERVICES, LLC, STONEPOINT CLIENT SERVICES, LLC, SUMMIT CLIENT SERVICES, LLC, NOW KNOWN AS CS 3 PAAS SERVICES, LLC, WHITESTONE CLIENT SERVICES, LLC: | |
| FOR APPELLANT THE BLUST FAMILY IRREVOCABLE TRUST THROUGH DONALD J. HOLMGREN, TRUSTEE: | Evan K. Farber, Noah Weingarten, Loeb & Loeb LLP, New York, NY |

Appeal from an order of the United States District Court for the Western District of New York (Michael J. Roemer, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the District Court's order is AFFIRMED, and the cause is REMANDED for further proceedings.

Appellants are entities and individuals that offer debt relief services. They appeal from a March 4, 2024 order of the United States District Court for the Western District of New York (Roemer, *M.J.*) granting a motion for a preliminary injunction filed by the Consumer Financial Protection Bureau and the States of New York, Colorado, Delaware, Illinois, Minnesota, North Carolina, and Wisconsin. *See Consumer Fin. Prot., Bureau v. Stratfs, LLC*, No. 24-CV-40, 2024 WL 911518 (W.D.N.Y. Mar. 4, 2024). We assume the parties' familiarity with the

8

underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

This case primarily concerns the Telemarketing Sales Rule ("TSR"), 16 C.F.R. § 310.1 *et seq.*, promulgated by the Federal Trade Commission. The TSR prohibits telemarketers who provide debt relief services from "[r]equesting or receiving payment of any fee" in advance of providing the debtor with debt relief services. 16 C.F.R. § 310.4(a)(5)(i). The rule exempts those telemarketers who do not require payment of a fee "until *after* a face-to-face sales . . . presentation by the seller." *Id.* § 310.6(b)(3) (emphasis added).

We refer to the Appellants collectively as "Strategic" because, as the District Court noted, "Strategic Family, Inc. is the parent company" to many of the corporate Appellants. *Stratfs, LLC*, 2024 WL 911518, at *4. Strategic collects advance fees from its customers prior to providing them with any service. The principal question presented is whether Strategic's practice of sending third-party notaries to debtors' homes prior to collecting advance fees exempts it from the TSR under the § 310.6(b)(3) exemption for face-to-face sales presentations. The District Court concluded that Strategic was not entitled to the exemption and

9

granted the Appellees' motion for a preliminary injunction and accompanying relief.

I. **Preliminary Injunction**

We review orders granting or denying a preliminary injunction "for abuse of discretion, examining a district court's legal conclusions *de novo* and factual conclusions for clear error." *Conn. State Police Union v. Rovella*, 36 F.4th 54, 61–62 (2d Cir. 2022). The District Court ruled that Strategic was not likely to succeed on the merits by satisfying the face-to-face sales presentation exemption because the third-party notaries in this case (1) did not conduct "sales presentations" and (2) did not act as the "seller" or its agents. *See* 16 C.F.R. § 310.6(b)(3). Because we agree on the latter point, we need not address the former.

Strategic agrees that the notaries are not "sellers" within the meaning of the TSR. *See* 16 C.F.R. § 310.2(ee). It insists, however, that the notaries act as its agents during and in connection with the specific task of making sales presentations. On this record, we disagree.

An agency relationship is formed when a principal "manifests assent to an agent that the agent will act on the principal's behalf and be subject to the principal's control" with respect to a particular task, "and the agent manifests

10

assent to the same." *In re Nine West LBO Secs. Litig.*, 87 F.4th 130, 148 (2d Cir. 2023); *see In re Tribune Co. Fraudulent Conv. Litig.*, 946 F.3d 66, 79 (2d Cir. 2019); Restatement (Third) of Agency § 1.01 (2006). The District Court found that Strategic "specifically told" its notaries that while they were at a debtor's home to notarize a contract, they "may NOT" answer questions about Strategic's services beyond what could be gleaned from an informational packet. *Stratfs, LLC*, 2024 WL 911518, at *13 (quotation marks omitted). Strategic instead authorized its "Financial Consultants" to make sales presentations to customers by phone. *Id.* at *8, *10. These Financial Consultants told customers that the notaries were not able to explain Strategic's services. *Id.* at *19. Indeed, Strategic's policies required the notaries to refer customers to a Financial Consultant for an answer to any substantive questions about Strategic's services, rather than answer the questions themselves. *Id.* at *13.

The District Court thus found that "all of the credible evidence and testimony in the record demonstrates that the notaries' purpose in meeting with consumers is to facilitate the signing [of contracts], and not to sell debt-relief services on behalf of" Strategic. *Id.* at *7; *see id.* at *9–10. In light of this finding, the court did not err when it concluded that the notaries are not Strategic's

11

agents "for the purpose of actually *selling* debt-relief services." *Id.* at *9. We therefore affirm the District Court's conclusion, at the preliminary injunction stage, that Strategic does not qualify for the face-to-face sales presentation exemption to the TSR because it never authorized the third-party notaries to give a meaningful sales presentation on its behalf. *See In re Nine West LBO*, 87 F.4th at 148.[1]

## II.  Receivership and Asset Freeze

Strategic also challenges the District Court's order insofar as it issued an asset freeze injunction and appointed a receiver. We review an order imposing these forms of injunctive relief for abuse of discretion. *See Smith v. S.E.C.*, 653 F.3d 121, 127 (2d Cir. 2011); *S.E.C. v. Am. Bd. of Trade, Inc.*, 830 F.2d 431, 436 (2d Cir. 1987). Where, as here, a plaintiff seeks equitable remedies such as restitution and disgorgement, a district court "ha[s] the inherent equitable authority to issue [an] [a]sset [f]reeze [i]njunction." *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 130 (2d Cir. 2014). A district court also has the discretion to "appoint a receiver to manage a defendant's assets during litigation." *Rosen v. Siegel*, 106 F.3d 28, 33

---

[1] Strategic argues for the first time on appeal that the face-to-face sales presentation exemption is unconstitutionally vague. We decline to consider this forfeited argument. *See Siemens Energy, Inc. v. Petróleos de Venezuela, S.A.*, 82 F.4th 144, 160 (2d Cir. 2023).

12

(2d Cir. 1997). Such an appointment may be appropriate to "preserve the status quo" during the pendency of the litigation or "obtain an accurate picture" of the defendant's finances, especially if the court concludes that it "[can]not rely on" the defendant for those purposes. *S.E.C. v. Manor Nursing Ctrs., Inc.*, 458 F.2d 1082, 1105 (2d Cir. 1972), *abrogated on other grounds by Liu v. S.E.C.*, 591 U.S. 71 (2020). On the record before us, we affirm both the District Court's asset freeze injunction and the appointment of a receiver.

### III.     Ryan Sasson and Jason Blust

Appellants Ryan Sasson and Jason Blust contend that the District Court erred by subjecting them individually to the court's preliminary injunction. We disagree. An individual may be liable under the TSR if he "provide[s] substantial assistance" to a seller when he "knows or consciously avoids knowing" that the seller is "engaged in any act or practice that violates . . . § 310.4." 16 C.F.R. § 310.3(b); *see also id.* § 310.4(a)(5)(i) (prohibiting collection of advance fees). The District Court found that Sasson "is the CEO of Strategic and is one of its founders" and that Blust "controls the . . . law firms," "serv[es] as a liaison" among the corporate Appellants, and, through his consulting company, "drafted the scripts . . . for the notaries." *Stratfs, LLC*, 2024 WL 911518, at *21.

13

These facts are sufficient to render Sasson and Blust liable under 16 C.F.R. § 310.3(b).[2] Sasson and Blust argue that they lacked specific knowledge that their conduct was unlawful. But the District Court needed only to conclude that Sasson and Blust had "knowledge of facts and attendant circumstances that comprise a violation of" the TSR, not that they knew that their conduct was illegal. *United States v. Weintraub*, 273 F.3d 139, 147 (2d Cir. 2001). The District Court thus did not err in also enjoining Sasson and Blust from violating the TSR.

Citing *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), which was decided after the District Court's order, Sasson has separately moved to vacate the District Court's preliminary injunction order on the ground that portions of the TSR are unlawful under the Telemarketing Act. But we conclude that Sasson forfeited this argument by failing to raise it in the District Court. Indeed, none of the Appellants challenged the TSR's validity under the Telemarketing Act before the District Court. We generally will not consider arguments raised for the first time on appeal, *see Siemens Energy, Inc. v. Petróleos de Venezuela, S.A.*, 82 F.4th 144,

---

[2] The same facts would also make Sasson and Blust directly liable as "sellers" of debt-relief services, *see* 16 C.F.R. § 310.4(a)(5)(i), defined in the TSR is "any person who . . . provides, offers to provide, or arranges for others to provide goods or services to the customer," *id.* § 310.2(ee); *see also NRP Holdings LLC v. City of Buffalo*, 916 F.3d 177, 202 n.22 (2d Cir. 2019) ("[W]e may affirm on any basis for which there is sufficient support in the record." (quotation marks omitted)).

14

160 (2d Cir. 2023), and we decline to deviate from that rule where, as here, proceedings before the District Court are ongoing. In any event, Appellants' counsel also acknowledged at oral argument that the face-to-face sales presentation provision of the TSR is not inconsistent with the Telemarketing Act. *See* Oral Argument Audio Recording at 48:23–:55.

We accordingly deny Sasson's motion.

## CONCLUSION

We have considered Strategic's remaining arguments and conclude that they are without merit. For the foregoing reasons, the District Court's order is AFFIRMED, and the cause is REMANDED for further proceedings.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk of Court